IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN DALTON McDANIEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00094-P-BP |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This is an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff John Dalton McDaniel's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* ECF No. 1. This action was referred to the United States Magistrate Judge Hal R. Ray Jr., for submission to this Court of findings, conclusions and recommendations ("FCRs") pursuant to 28 U.S.C. § 636(b)(1)(B). On October 23, 2020, Judge Ray submitted findings and conclusions and recommended that the Court affirm the Commissioner's decision. *See* ECF No. 17. McDaniel timely filed objections to the FCRs. ECF No. 20.

The Court reviewed the Magistrate Judge's FCRs and finds that McDaniel's objection lacks merit. For the reasons set forth below, the Court **OVERRULES** McDaniel's objections and **ADOPTS** and incorporates herein Magistrate Judge's FCRs. Accordingly, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this action.

## BACKGROUND[1]

McDaniel was born on September 14, 1956, and has a college education. ECF No. 18 at 1. McDaniel filed for DIB on June 21, 2016, alleging that his disability began on February 1, 2016. *Id.* The Commissioner initially denied the claims on September 14, 2017, and again on reconsideration on December 13, 2017. *Id.* Upon McDaniel's request, the Administrative Law Judge ("ALJ") conducted an evidentiary hearing. *Id.* After the hearing, the ALJ issued an unfavorable decision, finding that McDaniel was not disabled based on his application for DIB. *Id.*

The ALJ employed the statutory five-step analysis and established during step one that McDaniel had not engaged in substantial gainful activity since February 1, 2016. *Id.* at 2. At step two, the ALJ determined that McDaniel had the severe impairments type II diabetes mellitus with neuropathy, rheumatoid arthritis, obesity, chronic venous insufficiency/deep vein thrombosis ("DVT"), and a neurocognitive disorder. *Id.* He found that McDaniel had moderate limitations in understanding, remembering or applying information, concentrating, persisting, and maintaining pace. *Id.* He also found that McDaniel had a mild limitation in adapting or managing oneself and no limitations concerning interacting with others. *Id.*

---

[1]Since McDaniel has not objected to the factual background in the "Statement of the Case" section of the FCRs, the Court adopts the Magistrate's rendition of the relevant facts and briefly summarizes them herein. *See Duke v. Colvin*, No. 5:16-CV-151-DAE, 2016 WL 6651394, at *1 (W.D. Tex. Nov. 10, 2016).

At step three, the ALJ found that McDaniel's impairments did not meet or medically equal two of the "marked" impairments or one "extreme" limitation listed in 20 C.F.R. Part 404, Subpart P. *Id.* In particular, he concluded that McDaniel retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with excepted limitations of avoiding hazards, such as unprotected heights and dangerous moving machinery, as well as no complex tasks. *Id.* At step four, the ALJ found that McDaniel was unable to perform any past relevant work as an account manager. *Id.* Finally, at step five, the ALJ found that jobs that McDaniel could perform existed in significant numbers in the national economy, such as data entry clerk, so a finding of "not disabled" was appropriate. *Id.*

The Appeals Council denied review on December 6, 2019. *Id.* United States Magistrate Judge Hal R. Ray, Jr. issued his FCRs on October 23, 2020, recommending that the District Court affirm the Commissioner's decision. *See* FCR. McDaniel timely filed his objections. *See* Objection. The FCRs and Objection are ripe for the Court's review.

## LEGAL STANDARD

The Court's review in this case is limited to determining whether the Commissioner's Factual Findings—as set forth in the decision of his designee, the ALJ—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The

3

Supreme Court defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Further, substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). A finding of no substantial evidence is appropriate only if *no credible evidentiary choices or medical findings support the decision. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (emphasis added) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

## ANALYSIS

McDaniel contends that the Commissioner's decision, made by and through the ALJ, was unsupported by substantial evidence because the ALJ did not properly consider his need to elevate his legs. *See generally*, Obj. The Court disagrees and consequently **OVERRULES** his objection.

An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file *specific* written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The entirety of McDaniel's objection concerns itself with the ALJ's alleged failure to consider his need to elevate his legs which consist of incorporating by reference pleadings McDaniel filed before the Magistrate. *See e.g.*, Obj at 3 ("As noted in Plaintiff's prior pleadings . . . ."). The FCRs spent three pages discussing precisely this issue. *See* FCR at 7–10. McDaniel makes no specific objection to the FCRs beyond reiterating the exact arguments put before Judge Ray. Thus, *Douglass* mandates that McDaniel's appeal is barred absent a finding of plain error.  79 F.3d 1417. The Court finds none and therefore McDaniel's appeal is barred.  *Id*. Thus, his Objection is **OVERRULED**.

## CONCLUSION

Following the Court's review of the FCRs, record, and objections, the Court finds that the FCRs are correct. Accordingly, McDaniel's Objection is hereby **OVERRULED.**

5

Judge Ray's recommendation is hereby **ADOPTED**, the Social Security Commissioner's final decision is **AFFIRMED**, and this action is **DISMISSED**.

    **SO ORDERED** on this **17th day** of **December, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE